## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| WALTER N. STRAND, III, | ) |
|  | ) |
| Plaintiff, | )  No. 23-1071 |
|  | ) |
| v. | )  Filed: May 30, 2024 |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

## OPINION AND ORDER

On June 26, 2009, Plaintiff Walter N. Strand III was separated from the United States Navy ("Navy") after he was convicted in civilian court of three felonies. Plaintiff then petitioned the Naval Discharge Review Board ("NDRB") and Board for Correction of Naval Records ("BCNR" or "Board") for various forms of relief related to his discharge, reentry, and eligibility for retirement. After the Navy only partially granted Plaintiff relief, he filed suit in the Court of Federal Claims challenging the Navy's denial of retirement pay and benefits. The Court, as affirmed by the United States Court of Appeals for the Federal Circuit, initially vacated the Navy's decision. On remand, the Navy again denied Plaintiff relief. The Federal Circuit ultimately upheld the Navy's denial. After the prior litigation concluded, Plaintiff sought reconsideration from the BCNR and was again denied relief. Plaintiff filed suit in this Court once more, seeking entitlement to retirement pay and benefits.

The Government has moved to dismiss this matter on the grounds that Plaintiff's claims are barred by the statute of limitations and by the doctrine of res judicata. For the reasons discussed below, the Court **GRANTS** the Government's motion and **DENIES** Plaintiff's alternative request to amend the Complaint.

## I.  BACKGROUND

A.  **Plaintiff's Discharge from the Navy**

Plaintiff enlisted in the Navy in 1988.  Exs. to Pl.'s Compl. at 16, ECF No. 1-2.  After nearly 19 years of service, Plaintiff was arrested for firing a gun at his wife during a domestic dispute.  *Id.* at 17.  Plaintiff was convicted in state court of three felonies and sentenced to six years in prison, though the sentence was reduced for good behavior.  *Id.*  On June 26, 2009, shortly after Plaintiff began serving his sentence, the Navy administratively discharged him "for misconduct with an Other Than Honorable (OTH) characterization of service and assigned [him] an RE-4 reentry code."  *Id.*  At the time of Plaintiff's discharge, he had accrued just over 19 years of active duty service.  *Id.*

Plaintiff petitioned the BCNR to change his reentry code to allow him to reenlist.  *Id.*  On March 9, 2011, the BCNR denied his request.  *Id.*  The BCNR denied the request for a second time on January 8, 2013.  *Id.* at 18.  Plaintiff also sought relief through the NDRB.  On May 3, 2012, the NDRB initially denied Plaintiff's request to change the characterization of his service and narrative reason for his separation.  *Id.* at 3.  Plaintiff appeared in person before the NDRB on December 12, 2013, and renewed his request.  *Id.* at 4.  The NDRB granted him partial relief, changing the characterization of his service to general honorable conditions but leaving the narrative reason for his discharge unchanged.  *Id.*

On February 18, 2014, Plaintiff again petitioned the BCNR for relief, which the Board denied in a decision dated December 15, 2014 ("2014 BCNR decision").  Pl.'s Compl. ¶¶ 35, 40, ECF No. 1.  Based on Plaintiff's behavior since his release from prison, the BCNR concluded that Plaintiff should be credited with six months of time served so that he could reach retirement.  ECF No. 1-2 at 4.  Accordingly, the BCNR recommended that Plaintiff's record be corrected to reflect

that he was honorably retired with 20 years of service. *Id.* at 5. Because Plaintiff's reenlistment code was based on his civil conviction alone, the BCNR denied his request to change the code. *Id.* at 4. The Secretary of the Navy's designee, the Assistant General Counsel for Manpower & Reserve Affairs ("AGC"), declined to adopt the BCNR's recommendation and denied Plaintiff's request for relief. ECF No. 1 ¶ 41.

B.     **Prior Litigation**

On June 15, 2015, Plaintiff filed suit in the Court of Federal Claims, alleging that the AGC's denial decision was unlawful. *See Strand v. United States*, No. 15-601 (Fed. Cl.). Plaintiff sought an order "direct[ing] the Navy to correct Mr. Strand's record consistent with the December 15, 2014 decision of the BCNR granting him retirement with 20 years of service." App. to Def.'s Mot. to Dismiss at 30, ECF No. 9 (attaching Plaintiff's Amended Complaint in *Strand*, No. 15-601). Plaintiff further sought back pay from the date of his separation, in addition to a declaration that he was entitled to "future pay and benefits accruing based upon the BCNR's grant of retirement with 20 years of honorable service." *Id.* at 31. The court held that the AGC's decision to deny Plaintiff the relief recommended by the BCNR was arbitrary and capricious. *See Strand v. United States* (*Strand I*), 127 Fed. Cl. 44, 50–51 (2016). The Federal Circuit affirmed, holding that the AGC's denial was not supported by substantial evidence. *See Strand v. United States* (*Strand II*), 706 F. App'x 996, 999–1001 (Fed. Cir. 2017). The Circuit remanded the matter to the Navy for reconsideration. *Id.* at 1000–01.

On remand, the AGC again denied Plaintiff relief contrary to the BCNR's recommendation. She found that Plaintiff's service record and post-service conduct were not enough to overcome the misconduct that resulted in his discharge prior to reaching retirement. *See Strand v. United States* (*Strand III*), 138 Fed. Cl. 633, 638 (2018) (summarizing the remand

decision). She noted an incident in Plaintiff's record 25 years earlier where he abused alcohol, resulting in disorderly conduct. *Id.* at 636 n.2, 641. After that incident, Plaintiff was counseled twice and subject to non-judicial punishment. *Id.* at 638, 641. Taking into account Plaintiff's overall record, the AGC assessed whether Plaintiff's conduct leading to his conviction aligned with the Navy's values of honor, courage, and commitment, and concluded that it did not. *Id.* at 638. In reaching this conclusion, she considered how the Navy had addressed similar cases brought in the military justice system. *Id.* at 638, 641. The AGC further concluded that, based on the disciplinary entries related to the prior alcohol abuse incident, Plaintiff had ample notice of the standards to which he would be held while serving in the Navy. *Id.* at 641.

After the Navy's remand decision, the court again held that the denial was unlawful. *See Strand III*, 138 Fed. Cl. at 643. Specifically, the court held that the AGC's reliance on the core values of the Navy in denying Plaintiff relief was arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence. *Id.* at 641. It also concluded that the Navy improperly relied on military justice cases that applied a different standard. *Id.* at 642. Finally, the court concluded that Plaintiff's conviction alone did not sufficiently support the Navy's decision to deny Plaintiff additional relief. *Id.* at 642–43. To that end, the court objected to the AGC's consideration of a statement by the Director of the BCNR and faulted the AGC for failing to adequately consider Plaintiff's post-service conduct. *Id.* at 643.

On appeal, the Federal Circuit reversed on all grounds, holding that the Navy's denial was lawful. *See Strand v. United States* (*Strand IV*), 951 F.3d 1347, 1348 (Fed. Cir. 2020). It explained that the AGC's consideration of Plaintiff's criminal conduct, alone, sufficed to deny him relief:

> The Secretary undertook a broad review of Mr. Strand's record, but in our view the heavy weight he ascribed to Mr. Strand's "cho[ice] to take a gun and attempt[] to cause his former wife and another individual substantial harm by discharging the

4

weapon," fully supports denying him credit for six months of service he did not perform.

*Id.* at 1354 (internal citations omitted). The Circuit concluded that the AGC's denial was rational and supported by the record. *Id.* at 1357.

### C. The 2022 BCNR Decision Denying Plaintiff's Request for Reconsideration

Two years after the prior litigation ended, Plaintiff submitted a request asking the BCNR to reconsider the Navy's denial of Plaintiff's application for relief. *See* ECF No. 1-2 at 7–14 (Plaintiff's reconsideration request). Plaintiff argued that, because of the prior litigation, he was unable to present new evidence to the BCNR that had accumulated after he filed his complaint in this Court in 2015. *Id.* at 8. Plaintiff submitted additional evidence to the Board, including the associate's degree he earned while the prior case was pending, additional letters of recommendation, medical documents related to a stroke Plaintiff suffered after the prior case ended, and a personal statement. *Id.* at 9. In support of his request for reconsideration, Plaintiff asserted that the Navy committed two procedural errors in discharging him. First, Plaintiff argued that 10 U.S.C. § 1176(a) prevented his release from active duty. *Id.* at 10. Second, Plaintiff argued that the Navy violated its regulations giving service members a right to counsel in separation proceedings. *Id.* at 11. Beyond these alleged procedural errors, Plaintiff highlighted his post-service conduct and difficult life circumstances. *Id.* at 12. He argued that granting him relief would be consistent with Navy core values and that continuing to deny him retirement benefits would "needlessly and punitively penalize" him. *Id.* at 13.

On July 12, 2022, the BCNR denied Plaintiff's reconsideration request. *See id.* at 16–21 (2022 BCNR decision). After initially disagreeing with Plaintiff's characterization of his felony convictions as a "sole indiscretion," the BCNR rejected each of the arguments Plaintiff raised. *Id.* at 19–21. The BCNR concluded "that there was no impropriety or inequity in [Plaintiff's]

5

discharge[.]" *Id.* at 20. The BCNR "commend[ed] Mr. Strand's post-discharge good character and accomplishments," but ultimately concluded that, considering the totality of the circumstances, Plaintiff's request did not warrant relief. *Id.*

**D.    This Lawsuit**

On July 12, 2023, Plaintiff filed his complaint in the instant case. *See* ECF No. 1. In Plaintiff's first count, he alleges that the BCNR's decision was arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence. *Id.* ¶ 58. Juxtaposing the 2014 BCNR decision granting him clemency with the 2022 BCNR decision denying relief, Plaintiff contends that the Board did not adequately address the evidence and arguments submitted for reconsideration. *Id.* ¶¶ 59–69. Specifically, Plaintiff argues that the BCNR failed to consider or meaningfully discuss his arguments: (1) that clemency would be consistent with Navy values; (2) that he had taken responsibility for his actions and tried to make amends, paying a significant price compared to other sailors in similar circumstances; and (3) that continuing to deny relief was needlessly punitive and inconsistent with other cases. *Id.* ¶ 65.

Count I also alleges procedural errors. Plaintiff contends that the BCNR's decision contravened 32 C.F.R. § 723.3(e)(2), which addresses the presumption of regularity and prevents the Board from denying relief "solely because the record was made by or at the direction of the President or the Secretary in connection with proceedings other than proceedings of a board for the correction of military or naval records." 32 C.F.R. § 723.3(e)(2); ECF No. 1 ¶ 66. Plaintiff argues that focusing on the propriety of Plaintiff's discharge contravenes this provision. ECF No. 1 ¶ 66. Plaintiff further alleges that the BCNR ignored that he was not appointed counsel during his separation proceedings in violation of Navy regulations. *Id.* ¶¶ 67–68 (discussing MILPERSMAN 1910-406, 1910-408 and NAVPERS 1910/31). For these reasons, Plaintiff asks

the Court to set aside the 2022 BCNR decision and order the Navy to correct Plaintiff's record in accordance with the 2014 BCNR decision. *Id.* at 14 ("Prayer for Relief").

In the second count, Plaintiff alleges that, once the BCNR's decision is vacated and Plaintiff is granted the requested relief, he will be eligible for retirement pay and back pay from the date of his separation. *Id.* ¶¶ 71–72. Accordingly, Plaintiff asks the Court to declare that he is entitled to (1) back pay from the date of his separation on June 26, 2009, and (2) "future pay and benefits accruing based upon the grant of retirement with 20 years honorable service." *Id.* at 14.

On September 22, 2023, the Government filed a motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6), arguing that Plaintiff's claims are (1) time barred because more than six years has passed from Plaintiff's 2009 discharge date, and (2) precluded by the doctrine of res judicata. *See generally* ECF No. 9. Plaintiff disagrees, arguing that this lawsuit does not challenge his original discharge but rather the new BCNR decision denying Plaintiff's reconsideration request based on new evidence. *See* Pl.'s Resp. at 4, ECF No. 10. In the alternative, Plaintiff requests leave to amend the Complaint in the event that the Court holds that it lacks jurisdiction. *Id.* at 11–12. The Government filed its reply on November 3, 2023. Def.'s Reply, ECF No. 11. The Court held oral argument on January 29, 2024. The motion is therefore ripe for decision.

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

If the Court at any point determines that it lacks jurisdiction in a matter, the matter must be dismissed. *See* Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1), 12(h)(3). The Tucker Act waives sovereign immunity for and provides the Court with jurisdiction over a limited set of claims against the United States. 28 U.S.C. § 1491; *United States v. Mitchell*, 463 U.S. 206, 216 (1983). The Tucker Act does not, itself, provide a cause of action. *Rick's Mushroom*

*Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  For that reason, to satisfy jurisdiction, plaintiffs "must identify a separate, money-mandating source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *Mitchell*, 463 U.S. at 216–17).

Congress created a six-year limitations period for plaintiffs to file claims in this Court.  28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.").  Claims barred by this statute of limitations fall outside of the Court's jurisdiction.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136–39 (2008); *Martinez v. United States*, 333 F.3d 1295, 1306 (Fed. Cir. 2003) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

### B. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plausibly state a claim upon which relief can be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When assessing whether a plaintiff has stated a claim, the Court may consider the complaint itself, "the written instruments attached to it as exhibits, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Todd Constr., L.P. v. United States*, 94 Fed. Cl. 100, 114 (2010) (quoting *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007)), *aff'd*, 656 F.3d 1306 (Fed. Cir. 2011).

### III. DISCUSSION

The Government moves to dismiss this action on two grounds.  First, the Government argues that the Court lacks jurisdiction because Plaintiff's claims are time barred.  Second, it argues

that Plaintiff's claims are precluded by the prior litigation in this Court. The Court addresses each in turn.

### A. The Court Lacks Jurisdiction Because Plaintiff's Claims are Barred by the Statute of Limitations.

To determine whether Plaintiff's claims are time barred, as the Government contends, the Court must determine when Plaintiff's claims first accrued. This question in turn requires the Court to determine the precise nature of Plaintiff's claims. The Government argues that the limitations period runs from the date Plaintiff was separated from the Navy on June 26, 2009, because Plaintiff's claims for retirement and back pay arise from his alleged unlawful discharge. ECF No. 9 at 13. Plaintiff responds that his claims do not challenge his original discharge, but rather the BCNR's most recent refusal to correct an injustice with respect to his record; thus, the claims did not accrue until the 2022 BCNR decision denying him relief. ECF No. 10 at 9–11.

In military pay cases, as in all other cases filed in this Court, a cause of action accrues when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for money." *Martinez*, 333 F.3d at 1303 (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)). When a service member is discharged, his or her cause of action contesting the discharge accrues "immediately upon discharge[.]" *Id.* Review of a discharge by a correction board does not toll the statute of limitations because correction boards are a "permissive administrative remedy" that need not be exhausted before a service member files suit in this Court to challenge their discharge. *Id.* at 1304 (citing *Richey v. United States*, 322 F.3d 1317, 1325 (Fed. Cir. 2003); *Heisig v. United States*, 719 F.2d 1153, 1155 (Fed. Cir. 1983)).

Likewise, correction board decisions ordinarily "ha[ve] no impact" on claim accrual. *Holland v. United States*, 149 Fed. Cl. 543, 553 (2020); *see Tolar v. United States*, 140 Fed. Cl.

659, 661 (2018) ("Appeals to a correction board are irrelevant to the question of claim accrual."). Plaintiffs cannot avoid the statute of limitations by challenging board decisions because "the failure of the Correction Board to set aside a military discharge does not give rise to a separate and independent claim, since that action is merely ancillary to the discharge that the former serviceman is seeking to change." *Hurick v. Lehman*, 782 F.2d 984, 987 (Fed. Cir. 1986); *Martinez*, 333 F.3d at 1313 (explaining that a correction board's denial of relief "[does] not cause . . . monetary injury, but merely fail[s] to remedy the injury . . . previously suffered"). An exception to this rule applies to a limited subset of disability retirement cases, though Plaintiff rightly does not purport to rely on these cases.[1]

In this case, no matter how he attempts to characterize his claims, Plaintiff seeks retirement pay and benefits. ECF No. 1 ¶¶ 57–72. The money-mandating provision Plaintiff relies upon to satisfy the jurisdictional requirement is 10 U.S.C. § 8333.[2] *Id.* ¶ 11. Suits for retirement pay are ordinarily linked to discharge because plaintiffs often cannot state a claim for retirement pay without seeking to void their discharge. *Kirby v. United States*, 201 Ct. Cl. 527, 536 (1973). In order for a service member to state a claim for retirement pay "based on 20 years of service he

---

[1] Disability retirement cases arise under a money-mandating provision that requires consideration of a service member's claim by a competent military board before suit can be brought in this Court. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (citing *Friedman v. United States*, 310 F.2d 381 (Ct. Cl. 1962)). The clock begins to run in disability retirement cases when "a military board evaluates a service member's entitlement to such retirement in the first instance." *Id.* at 1225. In some disability cases, the service member's entitlement to disability is first reviewed by a correction board after discharge. *Id.* In such cases, the service member's cause of action accrues when the correction board makes a determination, unless the service member was aware of the prospect that he was permanently disabled prior to discharge but did not seek review at that time by an appropriate board. *Id.* at 1226.

[2] Plaintiff's Complaint cites to 10 U.S.C. § 6333, where the retirement pay provision was previously codified. Counsel clarified at oral argument that the relevant provision is 10 U.S.C. § 8333.

must be able to show either that he has that service by actually having served it or by having received constructive credit therefor by invalidating a discharge which prevented the required actual service." *Id.* For that reason, retirement pay claims are typically foreclosed once the statute of limitations has run on any claim relating to the service member's discharge. *See id.* at 536–37 ("The first underpins the second. The claim for back active duty pay is admittedly dead, killed by age and the affliction of the statute of limitations. The retirement claim here can exist only if the back pay claim exists so they must be interred together.").

Plaintiff attempts to avoid the time bar by arguing that he is not directly challenging his discharge, but rather the BCNR's determination that justice does not require relief from his discharge in the form of a record correction entitling him to retirement pay and benefits. ECF No. 10 at 9–11. In making this argument, Plaintiff emphasizes that he does not dispute the lawfulness of his discharge, nor has he ever contested its lawfulness. *Id.* As an initial matter, this argument is seemingly inconsistent with the Complaint, which alleges procedural errors in Plaintiff's separation processing. *See* ECF No. 1 ¶¶ 56, 67–68; *see also* ECF No. 1-2 at 10 (arguing in reconsideration request that discharge violated 10 U.S.C. § 1176(a) and his right to counsel); ECF No. 9 at 29 (alleging the same in prior complaint). In any event, the distinction is not relevant to the question of when Plaintiff's retirement claim accrued. Plaintiff provides no reason why a different accrual date should attach to a retirement claim alleging erroneous discharge, as opposed to a claim alleging injustice related to the discharge. The BCNR's authority extends to correcting records based on either ground. *See* 10 U.S.C. § 1552(a) (permitting correction of any military record when "necessary to correct an error or remove an injustice"). Accepting Plaintiff's argument would effectively create an end run around the Court's settled rules regarding the limitations period for retirement and/or discharge claims. If service members could indefinitely

seek relief from a discharge in this Court based on the alleged injustice, not of the discharge decision at the time but of, a board's later decision denying relief, then such review would obviate the statute of limitations altogether. Such a result would be contrary to the reasoning underlying the precedent in military pay cases.[3]  *See, e.g.*, *Hurick*, 782 F.2d at 987; *Kirby*, 201 Ct. Cl. at 536.

Regardless of whether Plaintiff specifically seeks to challenge the lawfulness of his discharge, the Complaint primarily concerns the circumstances surrounding his discharge and whether the discharge decision is unjust given the passage of time, and it seeks relief directly tied to his separation date. Apart from the alleged inconsistency between the 2014 BCNR decision and the 2022 BCNR decision, Plaintiff highlights four grounds on which the BCNR allegedly erred. ECF No. 1 ¶¶ 65–68. As noted above, at least two of these grounds attack the lawfulness of his discharge from the Navy. *Id.* ¶¶ 67–68. In addition, the Complaint seeks credited time served for purposes of Plaintiff reaching a 20-year retirement (*i.e.*, approximately six months' time from his 2009 separation date) and back pay from the date of his discharge in 2009, showing that his discharge is the relevant point in time at which Plaintiff was entitled to payment. *See id.* at 14.[4]

---

[3] This does not mean that Plaintiff would lack any means of redress for the type of changed-circumstances argument he raises in this case. Applications for the correction of military records are subject to a three-year limitations period; however, a correction board has discretion to excuse untimeliness where "it finds it to be in the interest of justice." 10 U.S.C. § 1552(b). Boards are also required to consider reconsideration requests, "no matter when filed," if the request is "supported by materials not previously presented to or considered by the board" in making a prior determination. *Id.* § 1552(a)(3)(D). These permissive administrative remedies, however, do not impact the limitations period applicable to claims in this Court. *See Martinez*, 333 F.3d at 1304.

[4] The Court additionally notes that in the prior litigation, where Plaintiff also brought a claim for retirement pay and benefits, he cited his separation as one relevant point in time at which the statute of limitations would begin to run. ECF No. 9 at 23 ("Mr. Strand filed his Complaint pro se before this Court on June 5, 2015. The Complaint is timely filed within six years of the Navy's separation decision, and within four months of the arbitrary, capricious and unreasonable decision challenged here as required by 28 U.S.C. § 2501.").

In sum, when a suit for retirement pay is predicated on voiding the underlying discharge, the statute of limitations begins to run upon discharge. *See Levy v. United States*, 83 Fed. Cl. 67, 74 (2008); *Cockerham v. United States*, 140 Fed. Cl. 121, 126 (2018). Plaintiff's Complaint alleges that his discharge from the Navy is an injustice, that the BCNR erred in failing to grant relief on that basis, and that the Court should therefore grant relief from the discharge just as the BCNR did in 2014. Since these allegations are grounded upon his discharge, the clock began to run when Plaintiff was separated from the Navy. *See Kirby*, 201 Ct. Cl. at 537. His time to seek relief from the discharge in this Court—based on error, injustice, or anything else—expired six years after his separation. *See Martinez*, 333 F.3d at 1304 ("If the plaintiff does not file suit within the six-year limitation period . . . the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge."). The same holds true for any claim for retirement pay related to that discharge. *Cockerham*, 140 Fed. Cl. at 126.

**B.     Even if the Court had Jurisdiction, Plaintiff's Claims are Precluded by the Prior Litigation.**

The Government moves to dismiss Plaintiff's Complaint on the additional ground that his claims are precluded by prior litigation. As summarized above, Plaintiff previously sought retirement pay in this Court and ultimately lost. *See supra* § I.B. Because the instant complaint arises from the same set of transactional facts, Plaintiff's claims are precluded.

Claim preclusion, or res judicata, applies when: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000)). When these elements are met, plaintiffs are precluded from litigating the second claim.

In this case, the first two elements are undisputed. The question, therefore, is whether Plaintiff's claims in this action are "based on the same set of transactional facts" as the prior litigation. *See Phillips/May Corp. v. United States*, 524 F.3d 1264, 1271 (Fed. Cir. 2008). As the Federal Circuit has explained, whether claims are based on the same set of transactional facts should be determined "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quoting Restatement (Second) Judgments § 24(2) (1982)).

In military pay cases, courts consider whether the successive lawsuit seeks the same relief based on the same set of events. In *Tatum v. United States*, the court held that a successive suit was based on the same transactional facts because the plaintiff sought the same relief with respect to the same discharge, including record correction, back pay, and retirement. 158 Fed. Cl. 494, 500 (2022). Similarly, in *Heim v. United States*, the court held that a second action seeking the same relief (money damages, record correction, and reinstatement) based on the same set of circumstances was barred by res judicata. 50 Fed. Cl. 225, 234 (2001), *aff'd*, 45 F. App'x 921 (Fed. Cir. 2002). *Heim* reached this conclusion notwithstanding that the plaintiff introduced new evidence, which the court found was available prior to the first action. *Id.* at 234–35.

In the instant case, the Complaint seeks the same relief (*i.e.*, record correction and money damages) based on the same underlying events: Plaintiff's discharge from the Navy and subsequent post-service conduct. Plaintiff's requests for relief in this action and the prior action are nearly identical. *Compare* ECF No. 1 at 14, *with* ECF No. 9 at 30–31. In both cases, Plaintiff alleged procedural irregularities, including that he was improperly denied his right to counsel at the time of his discharge. *Compare* ECF No. 1 ¶¶ 67–68, *with* ECF No. 9 at 28–29, 30. Similarly,

the prior litigation also addressed the Navy's assessment of whether to grant Plaintiff relief in light of his "post-service efforts at rehabilitation." *Strand III*, 138 Fed. Cl. at 642.  Given the significant overlap in the factual allegations and relief sought, the Court concludes that this second case arises from the same transactional facts as the first.  *See Tatum*, 158 Fed. Cl. at 500.

Plaintiff responds that his claims here could not have been brought in the first action, and therefore cannot be precluded, because the additional evidence and theories of recovery presented were not before the BCNR and the AGC in the earlier litigation.  ECF No. 10 at 12–13.  To be certain, Plaintiff's Complaint includes allegations regarding events and circumstances that occurred both before and after the prior suit.  Before the prior litigation began, Plaintiff was discharged, served his prison sentence, and began efforts at rehabilitation.  *See* ECF No. 1-2 at 3–4 (2014 BCNR decision recounting Plaintiff's separation, release from prison, and post-service conduct); ECF No. 9 at 38 (alleging in prior complaint that during the four years he sought redress from the NDRB and BCNR Plaintiff began attending "school to obtain a degree" and "working multiple jobs to try to provide for his family").  Claims based on those facts could have been raised, and were in fact raised, in the proceedings before the BCNR and in the subsequent litigation.  *See* ECF No. 1-2 at 3 (2014 BCNR decision discussing Plaintiff's waiver of his right to counsel and separation), 4 (crediting Plaintiff's good post-service conduct); ECF No. 9 at 26, 28–29 (alleging in prior complaint that Plaintiff's separation violated his right to counsel and 10 U.S.C. § 1176(a)).

The Complaint also includes allegations regarding events that transpired after the previous case was initially filed.  Setting aside the question of whether such arguments and evidence "could have been present[ed,]" ECF No. 10 at 12–13, Plaintiff did, in fact, have an opportunity to do so in the prior litigation.  The administrative record was not, as Plaintiff suggests, "frozen" throughout

15

that litigation.[5]  In many cases, including this one, the agency record may continue to develop on remand.  When the Navy reviewed Plaintiff's case on remand, the AGC "invited [Plaintiff] to submit any additional information for review."  *Strand III*, 138 Fed. Cl. at 638.  After the remand decision, Plaintiff supplemented his complaint, adding allegations regarding the Navy's consideration (or lack thereof) of Pennsylvania's "ban the box" law.  *See* ECF No. 9 at 38.

At some point prior to the conclusion of the litigation, Plaintiff obtained the associate's degree that he had started while petitioning the NDRB and BCNR.  ECF No. 1-2 at 9; ECF No. 9 at 38.  After the Federal Circuit's decision in *Strand IV*, but prior to entry of judgment, Plaintiff suffered a stroke.  *See* ECF No. 1-2 at 9.  When the BCNR issued its decision in 2022 denying Plaintiff's petition for reconsideration, the only evidence not previously considered by the Navy included the completion of Plaintiff's associate's degree, medical documents related to his stroke, additional reference letters, and a personal statement by Plaintiff.  *See id.* at 9.

Cases involving facts that both pre-date and post-date judgment in a prior litigation prevent a straightforward application of claim preclusion.  Courts in other jurisdictions "have generally been able to draw a line where the new facts give rise to a new cause of action."  *Gresham v. D.C.*, 66 F. Supp. 3d 178, 191 n.6 (D.D.C. 2014) (collecting cases).  In these cases, courts have held that plaintiffs cannot avoid preclusion "by merely positing a few additional facts that occurred after the

---

[5] The Court questions Plaintiff's assertion that, due to the rule limiting judicial review to the agency record, he could not have raised arguments and evidence in the prior litigation that were not considered by the BCNR and the AGC in resolving his original application.  ECF No. 10 at 12–13; *see SEC v. Chenery*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  In military pay cases, service members frequently raise new arguments and evidence before courts that were not considered by the military board.  *See, e.g.*, *Prewitt v. United States*, No. 22-1673, 2023 WL 3083162, at *3 (Fed. Cl. Apr. 25, 2023).  Courts often remand such cases, at which point the service member can submit the new arguments and evidence to the board for consideration.  *See, e.g.*, *id.*; *Lopez v. United States*, No. 18-1664C, 2019 WL 4256752, at *2 (Fed. Cl. Sept. 9, 2019); *Barth v. United States*, 24 Cl. Ct. 836, 838 (1992).

initial suit." *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006) (quoting *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 751 (6th Cir. 2002)).  But where the new facts, in and of themselves, form the basis for a cause of action, then the new claim is not precluded.  *Gresham*, 66 F. Supp. 3d at 191 n.6 ("[C]laim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim." (quoting *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 384 (2d Cir. 2003))).

Even assuming that the new evidence considered in the 2022 BCNR decision could not have been considered in the prior litigation, Plaintiff's claims in the instant case would be precluded.  The evidence submitted by Plaintiff—his associate's degree, facts regarding his stroke, the references, and personal statement—pertain to the same set of transactional facts as the first case.  Though Plaintiff's stroke and earning of his associate's degree are new developments, the prior litigation addressed Plaintiff's contentions regarding his post-service conduct, personal qualities, and hardships.  *See, e.g.*, *Strand III*, 138 Fed. Cl. at 642 (evaluating the Navy's assessment of whether Plaintiff should have been granted relief based on his post-separation efforts at rehabilitation); ECF No. 1-2 at 12 (explaining that Plaintiff had been previously granted relief partly based on his submissions regarding "his post-service conduct and efforts to rebuild his life").  Thus, even taking into account all of the evidence, Plaintiff cannot avoid claim preclusion because the new submissions do not amount to a new cause of action.  As explained above, to claim entitlement to retirement pay, Plaintiff must allege that he is actually entitled to such pay.  *See Kirby*, 201 Cl. Ct. at 536.  None of the events in the intervening years have created such an entitlement; at most they provide further support for Plaintiff's earlier claim.  Accordingly, Plaintiff's claims are precluded by the prior litigation.

### C. The Court Denies Leave to Amend the Complaint Because It Would be Futile.

If the Court dismisses his claims because he seeks back pay from the date of his separation, Plaintiff requests that he be granted leave to amend his Complaint. ECF No. 10 at 11. Plaintiff indicates that he would amend the Complaint to seek pay from "whatever date the BCNR may set." *Id.* at 12. The Court interprets this proposed change as Plaintiff's attempt to disentangle his claim and requested relief from his original discharge decision, along the same lines as the contention that his claim does not challenge his discharge and only first accrued when the BCNR denied his reconsideration request. *See id.* at 9–11. According to Plaintiff, the amendment would resolve the timeliness objection. *Id.* at 12.

Rule 15 provides that courts "should freely give leave [to amend pleadings] when justice so requires." RCFC 15(a)(2). Courts do, however, appropriately deny leave to amend when such amendment would be futile. *See A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile if the complaint, as amended, would not "survive a dispositive motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1355 (Fed. Cir. 2006).

Even assuming Plaintiff's proposed change remedies the statute of limitations issue, it does nothing to avoid claim preclusion. The proposed amended pleading would still seek substantively the same relief sought in the prior case, albeit from an undefined date rather than the 2009 separation date. And it would still be based on factual allegations pertaining to the same set of events (*i.e.*, Plaintiff's discharge and post-service conduct). *See, e.g.*, *Tatum*, 158 Fed. Cl. at 500.

Moreover, if the Court permits Plaintiff to amend his complaint as described, Plaintiff would have no claim at all. As noted above, in order to state a retirement pay claim, "the plaintiff must allege that he has received credit (actual or constructive) for 20 years of service before he

has stated a sufficient cause of action." *Kirby*, 201 Ct. Cl. at 536.  Where a service member was discharged before reaching 20 years, he would typically state a valid pay claim by seeking to have his discharge set aside due to an error or injustice, thus entitling him to constructive service from his discharge date and as a result back pay and, in some instances, retirement pay.  *See id.* at 535.  If Plaintiff instead claims he will "only first have a right to [retirement] pay when the BCNR grants the relief he seeks," ECF No. 10 at 11, and "any pay due would run from whatever retirement date [the BCNR] set[s]," *id.* at 12, then he has not stated a claim for a present entitlement to retirement pay.  *See Kirby*, 201 Ct. Cl. at 538 (citing *United States v. King*, 395 U.S. 1, 3 (1969)).  Because Plaintiff's Complaint, as amended, could not plausibly allege Plaintiff's entitlement to the relief he seeks, it would not survive a dispositive motion.  Accordingly, the proposed amendment would be futile.

### IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion and **DENIES** Plaintiff's alternative request for leave to amend the Complaint.  The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: May 30, 2024

/s/ Kathryn C. Davis
KATHRYN C. DAVIS
Judge